FILED
CLERK
10/16/2025 10:08 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ERIC OWENS,

                Plaintiff,

    -against-

GREGORY CUTRONE *et al.*,

                Defendants.
-------------------------------------------------------------------X

**ORDER**
25-CV-02399 (JMA) (ST)

**AZRACK, United States District Judge:**

    Before the Court is a letter motion from Eric Owens ("Plaintiff"), acting pro se, seeking: 1) to reopen this case, and (2) reconsideration of the Court's June 30, 2025 Order denying leave to proceed *in forma pauperis* ("IFP") and with leave to renew on the AO 239 Long Form IFP application ("Long Form"). (ECF No. 9.) Given Plaintiff's representation that the state court proceedings underlying his claims in this case have concluded, the Court lifts the stay and the first prong of Plaintiff's motion is granted. With regard to the motion for reconsideration of the Court's June 30, 2025 Order, that prong of Plaintiff's motion is denied for the reasons that follow.

    By Order dated June 30, 2025 (the "Order"), the Court denied Plaintiff's IFP motion without prejudice and with leave to renew on the Long Form IFP application ("Long Form") attached to the Order. (ECF No. 5.) On July 14, 2025, the deadline for compliance with the Order, Plaintiff filed a letter dated July 11, 2025 objecting to the Order. (ECF No. 6.) Given that Plaintiff's claims are related to and intertwined with the then-ongoing state court proceedings, by Electronic Order dated July 18, 2025, the Court stayed this case after the disposition of Plaintiff's underlying state court proceedings.

    Upon review and for the reasons that follow, the present motion for reconsideration is denied and Plaintiff is afforded a final opportunity to file a complete Long Form IFP application

in accordance with the guidance set forth below and in the Order. To be clear and for the avoidance of any doubt, the complaint shall be dismissed without prejudice unless Plaintiff files the renewed Long Form IFP application or remits the $405.00 filing fee within 14 days from the date of this Order.

A pre-judgment motion for reconsideration may be brought pursuant to Local Civil Rule 6.3. Sterling Select II Advisory, LLC, v. Argus Information & Advisory Services, LLC et al., No. 23-CV-2939, 2025 WL 1936668, at *1, n. 1 (S.D.N.Y. July 15, 2025). In seeking reconsideration of a court order denying a motion, as is the case here, Local Civil Rule 6.3 requires that the movant "set[ ] forth concisely the matters or controlling decisions which the moving party believes the court has overlooked." Loc. Civ. R. 6.3. It is long established that "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see also Cohen v. Jamison, No. 23-CV-1304, 2023 WL 3412762, at *2 (S.D.N.Y. May 12, 2023) (explaining that reconsideration is warranted if a movant demonstrates "that the Court overlooked controlling law or factual matters that had been previously put before it" (internal quotation marks omitted)). The decision to grant or deny a motion for reconsideration rests within "the sound discretion of the district court." Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009).

Applying these standards and upon careful review of Plaintiff's submissions, the Court finds neither error nor controlling decisions which the Court overlooked. Accordingly, the Court adheres to its earlier ruling. Plaintiff is afforded a final opportunity to file a complete Long Form IFP application (annexed to this Order) within 14 days from the date of this Order. As noted in

the June 30, 2025 Order, Plaintiff's initial application did not explain how he meets his living expenses, including his reported financial support of a dependent grandchild, with no assets or income. See, e.g., McQueen v. Tomins, No. 24-CV-8596, 2025 WL 1191722, at *2 (E.D.N.Y. Apr. 23, 2025) (denying IFP where the "applications do not explain how Plaintiffs meet their living expenses with no assets and no income"). Indeed, the determination of whether an applicant qualifies for IFP status is within the discretion of the district court. DiGianni v. Pearson Educ., 10-CV-0206, 2010 WL 1741373, at *1 (E.D.N.Y. Apr. 30, 2010) (citing Choi v. Chemical Bank, 939 F. Supp. 304, 308 (S.D.N.Y. 1996)).

Given that Plaintiff timely responded to the Order by filing the letters (ECF Nos. 6-7), in light of his *pro se* status, the Court affords him a final opportunity to provide his complete and current financial situation by renewing his Long Form IFP application on the form annexed to this Order within 14 days from the date of this Order.

Plaintiff is directed to complete and return the Long Form annexed to this Order or to remit the $405.00 filing fee within fourteen (14) days of the date of this Order.[1] If Plaintiff does not timely comply with this Order, the Court shall dismiss the complaint without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order

---

[1] Once paid, there are no refunds of the filing fee regardless of the outcome of the case. Accordingly, Plaintiff is encouraged to consult with the Hofstra Law *Pro Se* Clinic located in the Central Islip Courthouse, which can provide free information, advice, and limited scope legal assistance to non-incarcerated *pro se* litigants. The Court notes that the *Pro Se* Clinic is not part of, nor affiliated with, the United States District Court. The Clinic offers services such as: providing brief legal counseling; explaining federal court rules and procedures; and reviewing and editing draft pleadings and correspondence with the Court. Consultations with the *Pro Se* Clinic can be conducted remotely via telephone. To contact the *Pro Se* Clinic to make an appointment, email them at PSLAP@Hofstra.edu or leave a message at (631) 297-2575.

would not be taken in good faith and therefore, should Plaintiff seek leave to appeal *in forma pauperis*, such status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court is respectfully directed to mail a copy of this Order to Plaintiff at his address of record and to note such mailing on the docket.

**SO ORDERED**.

Dated:       October 15, 2025
              Central Islip, New York

                                             /s/ JMA
                                             Joan M. Azrack
                                             United States District Judge